IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.   18-CR-140-A

DANIEL VILLAFANE-LOZADA,

Defendant.

---



## PLEA AGREEMENT

The defendant, DANIEL VILLAFANE-LOZADA, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 2 of the Indictment charging a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2) (possession of child pornography involving a prepubescent minor), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least five years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18,

United States Code, Section 3014, in addition to the assessment imposed under 18 U.S.C. § 3013.

3. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses, up to $50,000 as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the pleas of guilty based upon any restitution amount ordered by the Court.

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

5. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements

for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

6. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II. ELEMENTS AND FACTUAL BASIS

7. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant knowingly possessed material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8);

3

b. That such child pornography had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

c. The defendant knew that such material contained child pornography; and

d. At least one of the child pornography images depicted a prepubescent minor or minor under twelve years old.

## FACTUAL BASIS

8. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. On or about April 19, 2018, the defendant, DANIEL VILLAFANE-LOZADA, in the Western District of New York, knowingly possessed material containing images and videos of child pornography as defined in Title 18, United States Code, Section 2256(8). The images and videos were stored on a Toshiba micro SD memory card, which was manufactured outside of New York State. The images also had been transmitted in interstate or foreign commerce via the internet.

b. On or about April 19, 2018, HSI and the New York State Police executed a search warrant at the defendant's residence and interviewed the defendant. During that interview, the defendant admitted that he viewed child pornography and that child pornography would be found on his Toshiba micro SD memory card, which was seized, and found to contain thirty videos and twenty-two images of child pornography.

c. Some of the child pornography possessed by the defendant depicted prepubescent minors or minors who had not attained 12 years of age.

d. Some of the child pornography possessed by the defendant contained sexual abuse or exploitation of an infant or toddler or depictions of violence.

e. At the time the defendant possessed the images and videos, he knew that they depicted minors engaging in sexually explicit conduct.

f.  As part of the relevant conduct for the offense, on or about May 3, 2018, the defendant admitted during a polygraph examination to engaging in sexual contact with two minor victims under the age of eighteen (hereinafter "Minor Victim 1" and "Minor Victim 2"). The defendant admitted that between on or about November of 2016 and on or about January of 2017, the defendant engaged in anal and oral sexual contact with Minor Victim 1. The defendant also admitted that between 2014 and 2015, the defendant engaged in oral sexual contact with Minor Victim 2.

## III. SENTENCING GUIDELINES

9. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

10. The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11. The government and the defendant agree that the following specific offense characteristics do apply:

a.  the two level increase pursuant to Guidelines § 2G2.2(b)(2) [material involved a prepubescent minor or a minor under the age of 12 years];

b.  the four level increase pursuant to Guidelines § 2G2.2(b)(4) [offense involved material that portrays sexual abuse or exploitation of an infant or toddler];

c.  the five level increase pursuant to Guidelines § 2G2.2(b)(5) [the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor];

5

d.  the two level increase pursuant to Guidelines § 2G2.2(b)(6) [offense involved use of a computer]; and

e.  the five level increase pursuant to Guidelines § 2G2.2(b)(7)(D) [offense involved 600 or more images].

## ADJUSTED OFFENSE LEVEL

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 36.

## ACCEPTANCE OF RESPONSIBILITY

13. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **33**.

## CRIMINAL HISTORY CATEGORY

14. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

15. It is the understanding of the government and the defendant that, with a total offense level of **33** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **135** to **168** months, a fine of $35,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

16. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

17. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

18. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this

7

agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

19. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20. At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence. However, in the

event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. COMPUTER FORFEITURE

25. The defendant agrees to criminally forfeit to the United States voluntarily all of his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3). These assets include:

    a. One (1) Focus Mini Computer Tower, bearing serial no. 1712FD4914010093;
    b. One (1) LG Smart Phone, bearing serial no. 602KPED0225908;
    c. One (1) Toshiba Hard Drive, bearing serial no. 25NAT4BASZ69;
    d. One (1) Seagate Hard Drive, bearing serial no. 9VM9EV35; and
    e. One (1) Toshiba Micro 4G SD Card.

26. The Forfeiture and Judgment of the above listed property will be referenced in the PRELIMINARY ORDER OF FORFEITURE and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim. The defendant hereby waives any other notice of such Order.

27. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

28. The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

29. The defendant agrees to the entry of orders of forfeiture for the aforementioned assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

30. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

31. This plea agreement represents the total agreement between the defendant, DANIEL VILLAFANE-LOZADA, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
JEREMY V. MURRAY
Special Assistant United States Attorney

Dated: November 15, 2018

I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, JEFFREY BAGLEY, AFPD. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DANIEL VILLAFANE-LOZADA
Defendant

Dated: November 15, 2018

_____
JEFFREY BAGLEY, AFPD
Attorney for the Defendant

Dated: November 15, 2018