**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,    )
                                 ) Case No. 1:18-CR-00140
                                 )                (RJA)(HKS)
              Plaintiff,    )
                                 )
vs.                          ) November 15th, 2018
                                 )
DANIEL VILLAFANE-LOZADA,    )
                                 )
              Defendant.    )

**TRANSCRIPT OF PLEA**
**BEFORE THE HONORABLE RICHARD J. ARCARA**
**SENIOR UNITED STATES DISTRICT JUDGE**

<u>APPEARANCES:</u>

For the Plaintiff:    JAMES P. KENNEDY, JR., ESQ.
                        UNITED STATES ATTORNEY
                        BY:  JEREMY MURRAY, ESQ.
                        ASSISTANT UNITED STATES ATTORNEY
                        138 Delaware Avenue
                        Buffalo, NY 14202

For the Defendant:   FEDERAL PUBLIC DEFENDER'S OFFICE
                        BY:  JEFFREY BAGLEY, ESQ.
                        300 Pearl Street, Suite 200
                        Buffalo, NY 14202

Court Reporter:     MEGAN E. PELKA, RPR
                        Robert H. Jackson Courthouse
                        2 Niagara Square
                        Buffalo, NY 14202

10:53AM  1     THE CLERK:  Criminal action 2018-140A.  United States

10:53AM  2  vs. Daniel Villafane-Lozada.  Plea.  Counsel, please state

10:53AM  3  your name and the party you represent for the record.

10:53AM  4     MR. MURRAY:  Good morning, Your Honor.  Jeremy Murray

10:53AM  5  on behalf of the United States government.

10:53AM  6     MR. BAGLEY:  Good morning again, Judge.  Jeff Bagley

10:53AM  7  for Mr. Villafane-Lozada.

10:53AM  8     THE COURT:  Sorry we're running a little late.  All

10:53AM  9  right.  Ready?

10:53AM  10     MR. MURRAY:  Yes, Your Honor.  We're here for

10:53AM  11  purposes of a plea.  It's my understanding that the defendant

10:53AM  12  would like to plead guilty to Count 2 of the indictment

10:53AM  13  charging him with one count of Title 18, United States Code,

10:53AM  14  Sections 2252A(a)(5)(B) and 2252A(b)(2), possession of child

10:53AM  15  pornography involving a prepubescent minor.

10:53AM  16     THE COURT:  That's your understanding, Mr. Bagley?

10:53AM  17     MR. BAGLEY:  Yes, Judge.

10:54AM  18     THE COURT:  Would you please administer the oath to

10:54AM  19  the defendant?

10:54AM  20  (The defendant was sworn 10:54 a.m.)

10:54AM  21     THE COURT:  Sir, you're now under oath.  And being

10:54AM  22  under oath during the course of these proceedings, I'll be

10:54AM  23  asking you a number of questions.  You'll have to answer those

10:54AM  24  questions honestly and truthfully.  If you were to give me any

10:54AM  25  false answer, that false answer may be used against you in a

10:54AM 1 further prosecution brought by the government on a charge of

10:54AM 2 perjury or making a false statement while under oath.  Do you

10:54AM 3 understand that, sir?

10:54AM 4 　　　　THE DEFENDANT:  Yes.

10:54AM 5 　　　　THE COURT:  I can't hear you.

10:54AM 6 　　　　THE DEFENDANT:  Yes.

10:54AM 7 　　　　THE COURT:  It's also very important you understand

10:54AM 8 what your rights are.  If at any time during the course of

10:54AM 9 these proceedings, there is something you don't understand,

10:54AM 10 you want to ask me a question, you want to consult with your

10:54AM 11 attorney, you want something more fully explained to you,

10:54AM 12 you're free to do so.  You're encouraged to do so.  It's not

10:54AM 13 important that we get this over with as quickly as possible.

10:54AM 14 What's important is that I am satisfied that you fully

10:54AM 15 understand what your rights are.  Do you understand that?

10:55AM 16 　　　　THE DEFENDANT:  Yes.

10:55AM 17 　　　　THE COURT:  It's my understanding that you are here

10:55AM 18 today to waive certain rights and to plead guilty to Count 2

10:55AM 19 of the indictment under the terms and conditions of the plea

10:55AM 20 agreement.  Do you understand this charge, sir?

10:55AM 21 　　　　THE DEFENDANT:  Yes.

10:55AM 22 　　　　THE COURT:  Mr. Bagley, you have gone over Count 2

10:55AM 23 with your client.  Are you satisfied that he understands it?

10:55AM 24 　　　　MR. BAGLEY:  Yes, Judge.

10:55AM 25 　　　　THE COURT:  Any reason for me to go through any

10:55AM    1    further explanation?

10:55AM    2        MR. BAGLEY:  No, Your Honor.

10:55AM    3        THE COURT:  And you've reviewed with him the terms

10:55AM    4    and conditions of the plea agreement and he understands them?

10:55AM    5        MR. BAGLEY:  I have.

10:55AM    6        THE COURT:  And his rights under Rule 11, right to a

10:55AM    7    trial, et cetera?

10:55AM    8        MR. BAGLEY:  Yes, Judge.

10:55AM    9        THE COURT:  Now, sir, you have discussed this whole

10:55AM   10    matter with your lawyer.  He explained to you what your legal

10:55AM   11    rights are and what your legal options are.  You probably

10:55AM   12    didn't like to hear what he had to tell you, but he's not

10:55AM   13    there to make you feel good.  He's there to be your counsel.

10:55AM   14        And apparently, based on those discussions, you're

10:55AM   15    here today to waive certain rights and to plead guilty to

10:55AM   16    Count 2 under the terms and conditions of the plea agreement.

10:55AM   17    Are you fully satisfied with the advice and counsel you

10:55AM   18    received from your lawyer in this matter?

10:55AM   19        THE DEFENDANT:  Yes.

10:55AM   20        THE COURT:  Any complaints?

10:55AM   21        THE DEFENDANT:  No.

10:55AM   22        THE COURT:  All right.  Let's proceed to the plea

10:55AM   23    agreement.

10:55AM   24        MR. MURRAY:  Yes, Your Honor.  The defendant, Daniel

10:56AM   25    Villafane-Lozada and the United States Attorney for the

10:56AM 1 Western District of New York, hereinafter the government,

10:56AM 2 hereby enter into a plea agreement with the terms and

10:56AM 3 conditions as set out below.

10:56AM 4          Paragraph 1.  The defendant agrees to plead guilty to

10:56AM 5 Count 2 of the indictment, charging a violation of Title 18,

10:56AM 6 United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2),

10:56AM 7 possession of child pornography involving a prepubescent

10:56AM 8 minor, for which the maximum possible sentence is a term of

10:56AM 9 imprisonment of 20 years, a fine of $250,000, a mandatory $100

10:56AM 10 special assessment and a term of supervised release of at

10:56AM 11 least five years and up to life.  The defendant understands

10:56AM 12 that the penalties set forth in this paragraph are the maximum

10:56AM 13 penalties that can be imposed by the Court at sentencing.

10:56AM 14          THE COURT:  Do you understand that, sir?

10:56AM 15          THE DEFENDANT:  Yes.

10:56AM 16          THE COURT:  Did you explain to him the importance of

10:56AM 17 this paragraph?

10:56AM 18          MR. BAGLEY:  Yes, Judge.

10:56AM 19          THE COURT:  What is the importance, Mr. Murray, of

10:57AM 20 this paragraph?

10:57AM 21          MR. MURRAY:  Yes, Judge.  Paragraph 1 satisfies a

10:57AM 22 requirement of Rule 11 by notifying the defendant of the

10:57AM 23 maximum penalty.  The Court also must consider but is not

10:57AM 24 bound by the Federal Sentencing Guidelines.  The sentencing

10:57AM 25 guidelines went into effect on November 1st, 1987 and are

10:57AM 1 relevant to federal offenses committed after that date.  The

10:57AM 2 purpose of the sentencing guidelines is to establish a

10:57AM 3 sentencing system in which Courts will impose similar

10:57AM 4 sentences for similar crimes upon defendants who are similar

10:57AM 5 in ways that, according to the guidelines, are relevant to

10:57AM 6 sentencing.

10:57AM 7 If the sentencing guidelines procedure is followed,

10:57AM 8 the Court would impose a sentence within a range on a

10:57AM 9 sentencing table in the sentencing guidelines manual.  This

10:57AM 10 range would depend on the defendant's criminal conduct and the

10:57AM 11 defendant's criminal history.  The law requires the Court to

10:57AM 12 consider imposing the sentence in accordance with the

10:57AM 13 sentencing guideline procedure.  The law permits the Court,

10:57AM 14 however, to impose a reasonable sentence without adhering to

10:57AM 15 the sentencing guidelines.  Sentencing guidelines are

10:58AM 16 advisory.

10:58AM 17 THE COURT:  Do you understand that, sir, so far?  Do

10:58AM 18 you understand everything he said?

10:58AM 19 THE DEFENDANT:  Yes.

10:58AM 20 THE COURT:  Okay.

10:58AM 21 MR. MURRAY:  Paragraph 2.  The defendant understands

10:58AM 22 that unless the defendant is indigent, the Court must impose a

10:58AM 23 special assessment of $5,000 for the offense of conviction

10:58AM 24 pursuant to Title 18, United States Code, Section 3014, in

10:58AM 25 addition to the assessment imposed under 18 U.S.C.

10:58AM    1    Section 3013.

10:58AM    2         Paragraph 3.  The defendant acknowledges that

10:58AM    3    pursuant to Title 18, United States Code, Section 2259A, the

10:58AM    4    Court must order restitution for the full amount of the

10:58AM    5    victim's compensable losses up to $50,000, as determined by

10:58AM    6    the Court.  The defendant understands the defendant will not

10:58AM    7    be entitled to withdraw the pleas of guilty based upon any

10:58AM    8    restitution amount ordered by the Court.

10:58AM    9         Paragraph 4.  The defendant understands that if it's

10:58AM   10    determined that the defendant has violated any of the terms or

10:59AM   11    conditions of supervised release, the defendant may be

10:59AM   12    required to serve in prison all or part of the term of

10:59AM   13    supervised release, up to two years, without credit for time

10:59AM   14    previously served on supervised release.

10:59AM   15         And if the defendant commits any criminal offense

10:59AM   16    under Chapter 109A, 110 or 117 or Sections 1201 or 1591 of

10:59AM   17    Title 18, United States Code, for which imprisonment for a

10:59AM   18    term longer than one year can be imposed, the defendant shall

10:59AM   19    be sentenced to a term of imprisonment of not less than five

10:59AM   20    years and up to life.

10:59AM   21         As a consequence, in the event the defendant is

10:59AM   22    sentenced to the maximum term of incarceration, a prison term

10:59AM   23    imposed for a violation of supervised release may result in

10:59AM   24    the defendant serving a sense of imprisonment longer than the

10:59AM   25    statutory maximum set forth in paragraph 1 of this agreement.

| | | |
|---|---|---|
| 10:59AM | 1 | Paragraph 5. |
| 10:59AM | 2 | THE COURT:  Just one second.  What are these chapters |
| 11:00AM | 3 | 109A, 110, 117, 1201, 1591 of Title 18?  What are they all |
| 11:00AM | 4 | about? |
| 11:00AM | 5 | MR. MURRAY:  Yes, Your Honor.  Chapter 109A relates |
| 11:00AM | 6 | to sexual abuse offenses.  Chapter 110 relates to sexual |
| 11:00AM | 7 | exploitation and other abuse of children.  Chapter 117 relates |
| 11:00AM | 8 | to the transportation for illegal sexual activity.  Turning to |
| 11:00AM | 9 | 18 U.S.C. Section 1201, that refers to kidnapping.  And then |
| 11:00AM | 10 | Title 18 U.S.C. 1591, that involves the sex trafficking of |
| 11:00AM | 11 | children. |
| 11:00AM | 12 | THE COURT:  Do you understand all that, sir? |
| 11:00AM | 13 | THE DEFENDANT:  Yes. |
| 11:00AM | 14 | THE COURT:  Did you explain to him this? |
| 11:00AM | 15 | MR. BAGLEY:  Yes, Judge. |
| 11:00AM | 16 | THE COURT:  Okay. |
| 11:00AM | 17 | MR. MURRAY:  Paragraph 5.  The defendant has been |
| 11:00AM | 18 | advised and understands that under the Sex Offender |
| 11:00AM | 19 | Registration and Notification Act, the defendant must register |
| 11:00AM | 20 | and keep registration current in all of the following |
| 11:01AM | 21 | jurisdictions; where the defendant resides, where the |
| 11:01AM | 22 | defendant is employed and where the defendant is a student. |
| 11:01AM | 23 | The defendant understands that requirements for |
| 11:01AM | 24 | registration include providing the defendant's name, residence |
| 11:01AM | 25 | address and the names and addresses of any place where the |

11:01AM  1  defendant is or will be an employee or student, among other

11:01AM  2  information.  The defendant further understands that the

11:01AM  3  requirement to keep the registration current includes

11:01AM  4  informing at least one jurisdiction in which the defendant

11:01AM  5  resides, is an employee or is a student not later than three

11:01AM  6  business days after any change of the defendant's name,

11:01AM  7  residence, employment or student status.

11:01AM  8       The defendant has been advised and understands that

11:01AM  9  failure to comply with these obligations subjects the

11:01AM  10  defendant to prosecution for failure to register under federal

11:01AM  11  law, Title 18, United States Code, Section 2250, which is

11:01AM  12  punishable by imprisonment, a fine or both.

11:01AM  13       Turning to paragraph 6.  The defendant acknowledges

11:02AM  14  that a conviction in this action may result in the defendant's

11:02AM  15  civil commitment, pursuant to 18 U.S.C. 4248, as a sexually

11:02AM  16  dangerous person.  The defendant understands that a

11:02AM  17  determination as to whether the defendant will be subject to

11:02AM  18  civil commitment will be made initially by the Attorney

11:02AM  19  General or the Director of the Bureau of Prisons at the

11:02AM  20  conclusion of the defendant's term of imprisonment and that

11:02AM  21  the Court will make the final determination in a separate

11:02AM  22  proceeding.

11:02AM  23       Paragraph 7.  The defendant --

11:02AM  24       THE COURT:  Do you understand everything so far?

11:02AM  25       THE DEFENDANT:  Yes.

| 11:02AM | 1 | THE COURT: Okay. |

11:02AM    1          THE COURT:  Okay.

11:02AM    2          MR. MURRAY:  Paragraph 7.  The defendant understands

11:02AM    3    the nature of the offense set forth in paragraph 1 of this

11:02AM    4    agreement and understands that if this case proceeded to

11:02AM    5    trial, the government would be required to prove beyond a

11:02AM    6    reasonable doubt the following elements of the crime:

11:02AM    7          A.   The defendant knowingly possessed material that

11:02AM    8    contained an image of child pornography as defined in Title

11:03AM    9    18, United States Code, Section 2256A;

11:03AM   10          B.   That such child pornography had been mailed,

11:03AM   11    shipped or transported in or affecting interstate or foreign

11:03AM   12    commerce by any means, including by computer, or is produced

11:03AM   13    using materials that had been mailed, shipped or transported

11:03AM   14    in or affecting interstate or foreign commerce by any means,

11:03AM   15    including by computer;

11:03AM   16          C.   The defendant knew that such material contained

11:03AM   17    child pornography;

11:03AM   18          And D.  At least one of the child pornography images

11:03AM   19    depicted a prepubescent minor or a minor or under 12 years

11:03AM   20    old.

11:03AM   21          Paragraph 8.  The defendant and the government agree

11:03AM   22    to the following facts, which form the basis for the entry of

11:03AM   23    the plea of guilty, including relevant conduct.

11:03AM   24          THE COURT:  Do you understand everything so far?

11:03AM   25          THE DEFENDANT:  Yes.

11:03AM  1          THE COURT:  Okay.

11:03AM  2          MR. MURRAY:  A.  On or about April 19th, 2018, the

11:04AM  3   defendant, Daniel Villafane-Lozada, in the Western District of

11:04AM  4   New York, knowingly possessed material containing images and

11:04AM  5   videos of child pornography as defined in Title 18,

11:04AM  6   United States Code, Section 2256A.  The images and videos were

11:04AM  7   stored on a Toshiba microSD memory card, which was

11:04AM  8   manufactured outside of New York State.  The images also had

11:04AM  9   been transmitted in interstate and foreign commerce via the

11:04AM  10  internet.

11:04AM  11         B.  On or about April 19, 2018, HSI and the New York

11:04AM  12  State Police executed a search warrant at the defendant's

11:04AM  13  residence and interviewed the defendant.  During that

11:04AM  14  interview, the defendant admitted that he viewed child

11:04AM  15  pornography and that child pornography would be found on his

11:04AM  16  Toshiba microSD memory card, which was seized and found to

11:04AM  17  contain 30 videos and 22 images of child pornography.

11:04AM  18         C.  Some of the child pornography possessed by the

11:04AM  19  defendant depicted prepubescent minors or minors who had not

11:05AM  20  attained 12 years of age.

11:05AM  21         D.  Some of the child pornography possessed by the

11:05AM  22  defendant contained sexual abuse or exploitation of an infant

11:05AM  23  or a toddler or depictions of violence.

11:05AM  24         E.  At the time the defendant possessed the images

11:05AM  25  and videos, he knew that they depicted minors engaging in

| | | |
|---|---|---|
| 11:05AM | 1 | sexually explicit conduct. |
| 11:05AM | 2 | F. As part of the relevant conduct for the offense, |
| 11:05AM | 3 | on or about May 3rd, 2018, the defendant admitted, during a |
| 11:05AM | 4 | polygraph examination, to engaging in sexual contact with two |
| 11:05AM | 5 | minor victims under the age of 18; hereinafter minor victim 1 |
| 11:05AM | 6 | and minor victim 2. The defendant admitted that between on or |
| 11:05AM | 7 | about November 2016 and on or about January 2017 the defendant |
| 11:05AM | 8 | engaged in anal and oral sexual contact with minor victim 1. |
| 11:05AM | 9 | The defendant also admitted that between 2014 and 2015, the |
| 11:05AM | 10 | defendant engaged in oral sexual contact with minor victim 2. |
| 11:06AM | 11 | Paragraph -- |
| 11:06AM | 12 | THE COURT: I'm sorry. Where are you? What did you |
| 11:06AM | 13 | just read, the last thing you just read? |
| 11:06AM | 14 | MR. MURRAY: Your Honor, it was F, at the very top of |
| 11:06AM | 15 | page 5. |
| 11:06AM | 16 | THE COURT: Okay. How would you prove all of this? |
| 11:06AM | 17 | MR. MURRAY: Yes, Your Honor. If this case proceeded |
| 11:06AM | 18 | to a contested trial, the government would first call Homeland |
| 11:06AM | 19 | Security Investigation Agent Justin Burnham. Agent Burnham |
| 11:06AM | 20 | will testify that after receiving a cyber tip from the |
| 11:06AM | 21 | National Center for Missing and Exploited Children, which |
| 11:06AM | 22 | revealed that a particular email address linked to a |
| 11:06AM | 23 | particular physical address was associated with uploading an |
| 11:06AM | 24 | image of child pornography. Agent Burnham and the New York |
| 11:06AM | 25 | State Police thereafter executed a search warrant at 138 Angle |

11:06AM   1   Road, West Seneca, New York 14224.

11:06AM   2        Agent Burnham will testify that on or about April 19,

11:06AM   3   2018, he encountered the defendant while in the process of

11:06AM   4   executing this search warrant with the New York State Police,

11:06AM   5   all in the Western District of New York.  At that time, during

11:06AM   6   the search warrant execution, the defendant admitted to Agent

11:07AM   7   Burnham that he possessed child pornography and that he had a

11:07AM   8   Toshiba microSD memory card that contained child pornography.

11:07AM   9        The defendant then led Agent Burnham to the location

11:07AM  10   where he kept the Toshiba microSD memory card and provided the

11:07AM  11   memory card to Agent Burnham.  Agent Burnham will testify that

11:07AM  12   the Toshiba microSD memory card was manufactured outside of

11:07AM  13   New York State and the defendant admitted that he used the

11:07AM  14   internet to obtain the child pornography.  Agent Burnham will

11:07AM  15   testify that the Toshiba microSD memory card contained

11:07AM  16   approximately 22 images and 30 videos depicting child

11:07AM  17   pornography and he will lay the foundation for those images

11:07AM  18   and videos at the time of trial.

11:07AM  19        In particular, Agent Burnham will testify that, based

11:07AM  20   on his training and experience, at least one of the images

11:07AM  21   depicts a minor victim under the age of 12 years of age

11:07AM  22   engaging in sexually explicit conduct.  Additionally, based on

11:08AM  23   his training and experience, Agent Burnham will testify that

11:08AM  24   some of the child pornography possessed by the defendant

11:08AM  25   contained sexual abuse or exploitation of an infant or

11:08AM    1  toddler.

11:08AM    2       Additionally, if we proceeded to trial, the

11:08AM    3  government would call the two victims to testify regarding the

11:08AM    4  defendant engaging in sexual contact with their person.

11:08AM    5  Specifically, the government would call minor victim 1, who

11:08AM    6  will testify that the defendant met minor victim 1 on a social

11:08AM    7  media application, Grinder and thereafter communicated with

11:08AM    8  him via a TextNow application to arrange an in-person.  Minor

11:08AM    9  victim 1, who was 15 years old at the time, thereafter engaged

11:08AM  10  in anal and oral sexual contact with the defendant in the

11:08AM  11  Western District of New York between on or about November 2016

11:08AM  12  to January of 2017 and that's what minor victim 1 will testify

11:08AM  13  to.

11:08AM  14         Additionally, the government will call minor victim

11:08AM  15  2, who would testify the defendant met minor victim 2 through

11:08AM  16  an advertisement on Craig's List -- I'm sorry, will testify

11:09AM  17  that the defendant met minor victim 2 through an advertisement

11:09AM  18  on Craig's List and that minor victim 2, who was 14 years old

11:09AM  19  at the time, engaged in oral sexual conduct with the defendant

11:09AM  20  in the Western District of New York between 2014 and 2015.

11:09AM  21        THE COURT:  Do you understand all that, sir?

11:09AM  22        THE DEFENDANT:  Yes.

11:09AM  23        MR. MURRAY:  Paragraph 9.  The defendant understands

11:09AM  24  that the Court must consider but is not bound by the

11:09AM  25  sentencing guidelines.

11:09AM  1      Paragraph 10.  The government and the defendant agree

11:09AM  2  that Guideline 2G2.2(a)(1) applies to the offense of

11:09AM  3  conviction and provides for a base offense level of 18.

11:09AM  4      Paragraph 11.  The government and the defendant agree

11:09AM  5  that the following specific offense characteristics do apply:

11:09AM  6      A.  The two-level increase, pursuant to

11:09AM  7  Guideline 2G2.2(b)(2), material involved a prepubescent minor

11:09AM  8  or a minor under the age of 12 years;

11:09AM  9      B.  The four-level increase, pursuant to

11:09AM 10  Guideline 2G2.2(b)(4), offense involved material that

11:10AM 11  portrayed sexual abuse or exploitation of an infant or

11:10AM 12  toddler;

11:10AM 13      C.  The five-level increase, pursuant to Guideline

11:10AM 14  Section 2G2.2(b)(5), the defendant engaged in a pattern of

11:10AM 15  activity involving the sexual abuse or exploitation of a

11:10AM 16  minor;

11:10AM 17      D.  The two-level increase, pursuant to Guideline

11:10AM 18  Section 2G2.2(b)(6), offense involved use of a computer;

11:10AM 19      And E.  The five-level increase, pursuant to

11:10AM 20  Guideline Section 2G2.2(b)(7)(D), offense involved 600 or more

11:10AM 21  images.

11:10AM 22      Paragraph 12 --

11:10AM 23      THE COURT:  Just one second.  Do you understand all

11:10AM 24  this so far, sir?

11:10AM 25      THE DEFENDANT:  Yes.

11:10AM  1      THE COURT:  Mr. Bagley, you've gone over these

11:10AM  2  guidelines and these numbers with him?

11:10AM  3      MR. BAGLEY:  Yes, Judge.

11:10AM  4      THE COURT:  And he understands them?

11:10AM  5      MR. BAGLEY:  Yes.

11:10AM  6      THE COURT:  Now, you saw this table with all these

11:10AM  7  numbers on it, right?

11:10AM  8      THE DEFENDANT:  Yes.

11:10AM  9      THE COURT:  This is important.  You're going to end

11:10AM  10  up on this table.  And where you end up, that's a range of

11:10AM  11  months that are being recommended to the Court as to what the

11:11AM  12  sentence should be.  I'm not bound by it, but I'm going to

11:11AM  13  carefully consider it.  You want to end up as far to the top

11:11AM  14  of this table as you can and as far away from the bottom.

11:11AM  15  Because as you get down, those numbers, they get pretty high.

11:11AM  16  Do you understand that, sir?

11:11AM  17      THE DEFENDANT:  Yes.

11:11AM  18      THE COURT:  So, based on the calculations you have so

11:11AM  19  far, we're at a sentencing level of eight -- well, wait a

11:11AM  20  minute.  We're at 36, right?

11:11AM  21      MR. MURRAY:  That's correct, Your Honor.  Yes.

11:11AM  22      THE COURT:  Yeah.  So, we started off with 18.  Then

11:11AM  23  we had all these additions.  These are all factors that boost

11:11AM  24  the number up.

11:11AM  25      Now, the next factor is paragraph 13, which talks

11:11AM  1   about acceptance of responsibility.  And what that provision

11:11AM  2   says, if you're guilty of the offense -- and if you're not

11:11AM  3   guilty, you have no business being here -- but if you are

11:11AM  4   guilty of the offense and you're willing to accept

11:11AM  5   responsibility for the offense, then you can get a reduction

11:11AM  6   of three levels.

11:11AM  7        And if you look at 36 at the high end versus 33 at

11:12AM  8   the low end, you can see there's quite a bit of difference

11:12AM  9   there.  No guarantee you'll get the lower end, but it gives

11:12AM  10   you and your lawyer a chance to argue for a lower sentence.

11:12AM  11   If you went to trial and if you were convicted, in all

11:12AM  12   likelihood, you would not get this three-level reduction.  Do

11:12AM  13   you understand that, sir?

11:12AM  14        THE DEFENDANT:  Yes.

11:12AM  15        THE COURT:  The theory being, you save the government

11:12AM  16   the time and expense of a trial, you should get a lower

11:12AM  17   number.  Do you understand that?

11:12AM  18        THE DEFENDANT:  Yes.

11:12AM  19        THE COURT:  Okay.

11:12AM  20        MR. MURRAY:  Paragraph 12.  Based on the foregoing,

11:12AM  21   it is the understanding of the government and the defendant

11:12AM  22   that the adjusted offense level for the offense of conviction

11:12AM  23   is 36.

11:12AM  24        Paragraph 13.  At sentencing, the government agrees

11:12AM  25   not to oppose the recommendation --

| | | |
|---|---|---|
| 11:12AM | 1 | THE COURT: I've already gone through that. |
| 11:12AM | 2 | MR. MURRAY: I apologize, Your Honor. |
| 11:12AM | 3 | Paragraph 14. It's the understanding of the |
| 11:12AM | 4 | government and the defendant that the defendant's criminal |
| 11:12AM | 5 | history category is I. The defendant understands that if the |
| 11:12AM | 6 | defendant is sentenced for or convicted of any other charges |
| 11:12AM | 7 | prior to sentencing in this action, the defendant's criminal |
| 11:12AM | 8 | history category may increase. The defendant understands that |
| 11:12AM | 9 | the defendant has no right to withdraw the plea of guilty |
| 11:12AM | 10 | based on the Court's determination of the defendant's criminal |
| 11:13AM | 11 | history category. |
| 11:13AM | 12 | Paragraph 15. It's the understanding of the |
| 11:13AM | 13 | government and the defendant that with a total offense level |
| 11:13AM | 14 | of 33 and criminal history category of I, the defendant's |
| 11:13AM | 15 | sentencing range would be a term of imprisonment of 135 to 168 |
| 11:13AM | 16 | months, a fine of $35,000 to $250,000 and a period of |
| 11:13AM | 17 | supervised release of five years to life. Notwithstanding |
| 11:13AM | 18 | this, the defendant understands that at sentencing, the |
| 11:13AM | 19 | defendant is subject to the maximum penalties set forth in |
| 11:13AM | 20 | paragraph 1 of this agreement. |
| 11:13AM | 21 | Paragraph 16. The government and the defendant agree |
| 11:13AM | 22 | to the correctness of the calculations of the sentencing |
| 11:13AM | 23 | guidelines range set forth above. The government and the |
| 11:13AM | 24 | defendant, however, reserve the right to recommend a sentence |
| 11:13AM | 25 | outside the sentencing guidelines range. This paragraph |

11:13AM 1    reserves the right to the government and the defendant to

11:14AM 2    bring to the attention of the Court all information deemed

11:14AM 3    relevant to a determination of the proper sentence in this

11:14AM 4    action.

11:14AM 5         Paragraph 17.  The defendant understands that the

11:14AM 6    Court is not bound to accept any sentencing guidelines

11:14AM 7    calculations and the defendant will not be entitled to

11:14AM 8    withdraw the plea of guilty, based on the sentence imposed by

11:14AM 9    the Court.

11:14AM 10        Paragraph 18.

11:14AM 11        THE COURT:  Any reason to read Statute of

11:14AM 12   Limitations?

11:14AM 13        MR. BAGLEY:  No, Judge.

11:14AM 14        THE COURT:  Government Rights and Reservations?

11:14AM 15        MR. BAGLEY:  No, Judge.

11:14AM 16        THE COURT:  Let's go to the next section.

11:14AM 17        MR. MURRAY:  Paragraph 22.  The defendant understands

11:14AM 18   that Title 18, United States Code, Section 3742 affords the

11:14AM 19   defendant a limited right to appeal the sentence imposed.  The

11:14AM 20   defendant, however, knowingly waives the right to appeal and

11:14AM 21   collaterally attack any component of a sentence imposed by the

11:14AM 22   Court which falls within or is less than the sentencing range

11:14AM 23   for imprisonment, a fine and supervised release set forth in

11:14AM 24   section 3, paragraph 15 above, notwithstanding the manner in

11:14AM 25   which the Court determines the sentence.  In the event of an

11:15AM 1    appeal of the defendant's sentence by the government, the

11:15AM 2    defendant reserves the right to argue the correctness of the

11:15AM 3    defendant's sentence.

11:15AM 4         Paragraph 23.  The defendant understands that by

11:15AM 5    agreeing not to collaterally attack the sentence, the

11:15AM 6    defendant is waiving the right to challenge the sentence in

11:15AM 7    the event that in the future the defendant becomes aware of

11:15AM 8    previously unknown facts or a change in the law which the

11:15AM 9    defendant believes would justify a decrease in the defendant's

11:15AM 10   sentence.

11:15AM 11        Paragraph 24.  The government waives its right to

11:15AM 12   appeal any component of a sentence imposed by the Court which

11:15AM 13   falls within or is greater than the sentencing range for

11:15AM 14   imprisonment, a fine and supervised release set forth in

11:15AM 15   section 3, paragraph 15 above, notwithstanding the manner in

11:15AM 16   which the Court determines the sentence.  However, in the

11:15AM 17   event of an appeal from the defendant's sentence by the

11:15AM 18   defendant, the government reserves the right to argue the

11:15AM 19   correctness of the defendant's sentence.

11:15AM 20        THE COURT:  Basically, this is your day in court.  If

11:15AM 21   the Court accepts the plea, you will have waived your rights.

11:16AM 22   And if I sentence you, say, to a different higher number than

11:16AM 23   what's set forth in the plea agreement, you would have a right

11:16AM 24   to appeal that because you agreed to the numbers here.  I'd

11:16AM 25   have to explain why I did it.  I'm not suggesting I'm going

11:16AM 1  to, but if I did, you could appeal that on the basis that the

11:16AM 2  sentence I imposed is unreasonable. Do you understand that,

11:16AM 3  sir?

11:16AM 4           THE DEFENDANT: Yes.

11:16AM 5           THE COURT: Just summarize the computer forfeiture.

11:16AM 6           MR. MURRAY: Yes, Your Honor. The defendant agrees

11:16AM 7  to criminally forfeit to the United States all of the title

11:16AM 8  and interest in the following assets; which include one Focus

11:16AM 9  Mini computer tower bearing serial number 1712FD4914010093,

11:16AM 10  one LG smartphone bearing serial number 602KPED0225908, one

11:16AM 11  Toshiba hard drive bearing serial number 25NAT4BASZ69 and one

11:17AM 12  Seagate hard drive bearing serial number 9VM9EV35 and one

11:17AM 13  Toshiba micro 4g SD card.

11:17AM 14           Additionally, the defendant knowingly, intelligently

11:17AM 15  and voluntarily waives his right to a jury trial on the

11:17AM 16  forfeiture of these assets. And additionally, the defendant

11:17AM 17  also agrees to the entry of the orders of forfeiture for the

11:17AM 18  aforementioned assets and waives the requirements of Federal

11:17AM 19  Rules of Criminal Procedure 32.2 and 43(a) regarding Notice of

11:17AM 20  Forfeiture in the charging instrument, announcement of the

11:17AM 21  forfeiture at sentencing and incorporation of the forfeiture

11:17AM 22  in judgement.

11:17AM 23           The defendant freely, voluntarily, knowingly and

11:17AM 24  intentionally waives any right to appeal or collaterally

11:18AM 25  attack any manner in connection with the forfeiture of assets

| | | |
|---|---|---|
| 11:18AM | 1 | as provided in this agreement. |
| 11:18AM | 2 | Paragraph 31. This plea agreement represents the |
| 11:18AM | 3 | total agreement between the defendant, Daniel Villafane-Lozada |
| 11:18AM | 4 | and the government. There are no promises made by anyone, |
| 11:18AM | 5 | other than those contained in this agreement. This agreement |
| 11:18AM | 6 | supercedes any other prior agreements, written or oral, |
| 11:18AM | 7 | entered into between the government and the defendant. And |
| 11:18AM | 8 | Your Honor, it's signed today by Special Assistant United |
| 11:18AM | 9 | States Attorney Jeremy Murray on behalf of the United States |
| 11:18AM | 10 | Government for the Western District of New York. |
| 11:18AM | 11 | And additionally, the last paragraph: I have read |
| 11:18AM | 12 | this agreement, which consists of 12 pages. I have had a full |
| 11:18AM | 13 | opportunity to discuss this agreement with my attorney, |
| 11:18AM | 14 | Jeffrey Bagley, Assistant Federal Public Defender. I agree |
| 11:18AM | 15 | that it represents the total agreement reached between me and |
| 11:18AM | 16 | the government. No promises or representations have been made |
| 11:18AM | 17 | to me, other than what is contained in this agreement. I |
| 11:18AM | 18 | understand all of the consequences of my plea of guilty. I |
| 11:19AM | 19 | fully agree with the contents of this agreement. I am signing |
| 11:19AM | 20 | this agreement voluntarily and of my own free will. |
| 11:19AM | 21 | And Your Honor, that is signed today by the |
| 11:19AM | 22 | defendant, as well as Mr. Jeffrey Bagley, the defendant's |
| 11:19AM | 23 | attorney and it's dated today, Your honor, November 15th, |
| 11:19AM | 24 | 2018. |
| 11:19AM | 25 | THE COURT: Now, sir, we've gone over the agreement |

11:19AM    1    in court.  You indicated you understand it.  You signed it,

11:19AM    2    indicating you understand it.  Your lawyer says he's gone over

11:19AM    3    it with you and he's satisfied you understand it.  Any

11:19AM    4    questions, sir?

11:19AM    5                THE DEFENDANT:  No.

11:19AM    6                THE COURT:  Are these all the terms and conditions of

11:19AM    7    the plea agreement which we just read here in court?

11:19AM    8                THE DEFENDANT:  Yes.

11:19AM    9                THE COURT:  No one has made any other promises to

11:19AM   10    you, have they?

11:19AM   11                THE DEFENDANT:  No.

11:19AM   12                THE COURT:  How old are you, sir?

11:19AM   13                THE DEFENDANT:  Twenty-three.

11:19AM   14                THE COURT:  And where were you born and raised?

11:19AM   15                THE DEFENDANT:  Puerto Rico.

11:19AM   16                THE COURT:  When did you come to Buffalo?

11:19AM   17                THE DEFENDANT:  When I was around 11 years old.

11:20AM   18                THE COURT:  And what's the extent of your education?

11:20AM   19    How much schooling have you had?

11:20AM   20                THE DEFENDANT:  I obtained my high school diploma.

11:20AM   21                THE COURT:  Okay.  And what high school did you go

11:20AM   22    to?

11:20AM   23                THE DEFENDANT:  Dunkirk Senior High School.

11:20AM   24                THE COURT:  Okay.  And are you married?

11:20AM   25                THE DEFENDANT:  No.

11:20AM  1          THE COURT:  Do you have any children?

11:20AM  2          THE DEFENDANT:  No.

11:20AM  3          THE COURT:  What kind of work have you done over the

11:20AM  4  years?

11:20AM  5          THE DEFENDANT:  Factory work, as well as retail.

11:20AM  6          THE COURT:  Okay.  Are you seeing a doctor for any

11:20AM  7  reason right now?

11:20AM  8          THE DEFENDANT:  No.

11:20AM  9          THE COURT:  Psychiatrist?

11:20AM  10          THE DEFENDANT:  Currently in the jail, I am.

11:20AM  11          THE COURT:  Okay.  How are you doing with that?

11:20AM  12          THE DEFENDANT:  Pretty well.

11:20AM  13          THE COURT:  Have you ever been hospitalized for

11:20AM  14  narcotic addiction?

11:20AM  15          THE DEFENDANT:  No.

11:20AM  16          THE COURT:  How are -- or today, are you right now

11:20AM  17  under the influence of any drug, medicine or alcohol?

11:20AM  18          THE DEFENDANT:  No.

11:20AM  19          THE COURT:  Mr. Bagley, your client appears to be

11:21AM  20  intelligent, alert, focused, clearly seems to understand

11:21AM  21  everything I'm saying; does not appear to be under the

11:21AM  22  influence of any drug, medicine or alcohol.  Is that

11:21AM  23  consistent with your observations?

11:21AM  24          MR. BAGLEY:  Yes, Judge, it is.

11:21AM  25          THE COURT:  Now, has anyone forced you to plead

11:21AM    1    guilty?

11:21AM    2             THE DEFENDANT:  No.

11:21AM    3             THE COURT:  Anyone threatened you in any way?

11:21AM    4             THE DEFENDANT:  No.

11:21AM    5             THE COURT:  Your willingness to plead guilty, you

11:21AM    6    discussed it with your lawyer, he discussed it with the

11:21AM    7    government's lawyer.  Based on those discussions, this plea

11:21AM    8    agreement was prepared and that's how this all came about, is

11:21AM    9    that true?

11:21AM   10             THE DEFENDANT:  Yes.

11:21AM   11             THE COURT:  Now, do you understand the offense which

11:21AM   12    you are pleading guilty to is a serious offense?  And if it's

11:21AM   13    accepted by the Court, you'll be found guilty and there will

11:21AM   14    be no appeal, except as I said earlier, if I sentence higher

11:21AM   15    than what's set forth in this agreement.  Do you understand

11:21AM   16    that?

11:21AM   17             THE DEFENDANT:  Yes.

11:21AM   18             THE COURT:  And being found guilty of this offense

11:21AM   19    may deprive you of certain rights.  You may lose the right to

11:21AM   20    vote, right to hold public office, right to serve on a jury,

11:21AM   21    right to possess a firearm, certain civil labor positions like

11:22AM   22    an officer, the right to hold a firearm.  Do you understand

11:22AM   23    all this, sir?

11:22AM   24             THE DEFENDANT:  Yes.

11:22AM   25             THE COURT:  Do you understand you have a right to

11:22AM  1  plead not guilty, which you have done up to the present time

11:22AM  2  and you have a right to persist in that plea of not guilty and

11:22AM  3  you have a right to a fair trial in this courtroom where a

11:22AM  4  jury of 12 people will decide whether you're guilty or not

11:22AM  5  guilty.  First of all, I'd be the judge and to the best of my

11:22AM  6  ability, I would conduct a trial fairly and impartially.  I

11:22AM  7  have no interest in this case, other than to make sure you and

11:22AM  8  the government get a fair trial.

11:22AM  9          In selecting that jury, we would have in the

11:22AM  10  courtroom somewhere around 50 to 75 people from our jury pool,

11:22AM  11  people who live in this district.  They'd be in the courtroom.

11:22AM  12  You'd be in the courtroom.  Your lawyer would be with you.

11:22AM  13  They would all be put under oath to answer all my questions

11:22AM  14  honestly and truthfully.  If there were anyone in that group

11:22AM  15  that would not be fair and impartial, that person would be

11:22AM  16  removed.

11:22AM  17          And you'd have input on that through your lawyer.

11:22AM  18  And you could say, hey, Judge, that guy has made up his mind.

11:22AM  19  And if I agree with you -- and there's no reason why I

11:22AM  20  wouldn't agree with you if it makes sense -- that person would

11:22AM  21  be gone.  Also, you could remove up to 10 people for any

11:23AM  22  reason you want, other than race or gender.  You couldn't say

11:23AM  23  I don't want any women on my jury or I don't want a particular

11:23AM  24  race of people.  You can't discriminate in that sense.  Do you

11:23AM  25  understand that?

11:23AM    1          THE DEFENDANT:  Yes.

11:23AM    2          THE COURT:  Mr. Bagley would represent you.  You'd

11:23AM    3    have a right to hear and to see all the witnesses and to have

11:23AM    4    him cross-examine all the witnesses.  And after the government

11:23AM    5    has rested its case, you could put on a defense.  You could

11:23AM    6    subpoena witnesses or any records that are relevant to the

11:23AM    7    trial issues, but you don't have to do anything.  You're

11:23AM    8    presumed not guilty.  You can sit there and say, you prove it,

11:23AM    9    government, because you rely on the presumption of innocence.

11:23AM   10          Now, if you wanted to testify or subpoena records,

11:23AM   11    you could do that.  You could testify on you own behalf if you

11:23AM   12    wanted to, but you have, as I said, you have no burden to

11:23AM   13    prove anything.  The burden is on the government to convince

11:23AM   14    all 12 jurors that you are guilty beyond a reasonable doubt.

11:23AM   15    Do you understand that?

11:23AM   16          THE DEFENDANT:  Yes.

11:23AM   17          THE COURT:  By entering a plea of guilty, if it's

11:23AM   18    accepted by the Court, there will be no trial.  You'll have

11:23AM   19    waived your right to trial, as well as all the other rights we

11:23AM   20    talked about.  Do you understand that?

11:23AM   21          THE DEFENDANT:  Yes.

11:24AM   22          THE COURT:  Any questions, sir?

11:24AM   23          THE DEFENDANT:  No.

11:24AM   24          THE COURT:  You're doing this voluntarily, of your

11:24AM   25    own free will?  No one is forcing you to do this?  You

11:24AM   1   understand all the possible consequences?

11:24AM   2           THE DEFENDANT:  Yes.

11:24AM   3           THE COURT:  Counsel, do you have any reason why I

11:24AM   4   should not accept the plea?

11:24AM   5           MR. MURRAY:  No, Your Honor.

11:24AM   6           MR. BAGLEY:  No, Judge.

11:24AM   7           THE COURT:  You're both satisfied I complied with all

11:24AM   8   the requirements of Rule 11?

11:24AM   9           MR. MURRAY:  Yes, Your Honor.

11:24AM  10           MR. BAGLEY:  Yes.

11:24AM  11           THE COURT:  How do you plead to Count 2; guilty or

11:24AM  12   not guilty, sir?

11:24AM  13           THE DEFENDANT:  Guilty.

11:24AM  14           THE COURT:  It is the finding of the Court, the

11:24AM  15   defendant is fully competent and capable of entering an

11:24AM  16   informed plea.  The plea of guilty is a knowing and voluntary

11:24AM  17   plea, supported by an independent basis of fact containing

11:24AM  18   each essential element of the offense charged.  His plea is

11:24AM  19   therefore accepted.  He is now judged guilty of Count 2.

11:24AM  20           Sentencing will be scheduled for March 1st at 12:30.

11:24AM  21   A written presentence report will be prepared by the probation

11:24AM  22   office to assist the Court in imposing sentence.  You'll be

11:24AM  23   afforded an opportunity to meet with the probation officer to

11:24AM  24   provide information in that report.  Your attorney should be

11:25AM  25   present.  You'll receive a copy of the report, as well as your

11:25AM  1  attorney.  You'll be able to file any additional information

11:25AM  2  or any motions or objections that are consistent within the

11:25AM  3  terms and conditions of the plea agreement and both you and

11:25AM  4  your attorney will have an opportunity to address the Court at

11:25AM  5  the time of sentencing and say anything you wish to say in

11:25AM  6  mitigation of the sentence.  The scheduling for filing all

11:25AM  7  papers will be as follows.

11:25AM  8          THE CLERK:  The initial presentence report will be

11:25AM  9  due January 15th.  The statement of the parties with respect

11:25AM  10  to sentencing factors and objections, if any and motions, if

11:25AM  11  any, will be due February 8th.  Responses to any objections or

11:25AM  12  responses to any motions will be due February 15th.  A

11:25AM  13  sentencing memorandum and/or character letters in support of

11:25AM  14  the defendant will be due February 15th.  Any motions to

11:25AM  15  adjourn the sentencing date will be due no later than

11:25AM  16  February 19th.  The final presentence report will be due

11:26AM  17  February 22nd and the government's response to any legal

11:26AM  18  arguments in defendant's sentencing memorandum will be due

11:26AM  19  February 22nd.

11:26AM  20          THE COURT:  All right.  Anything further?

11:26AM  21          MR. MURRAY:  No, Your Honor.

11:26AM  22          MR. BAGLEY:  Judge, what was the sentencing date

11:26AM  23  again?  I'm sorry.

11:26AM  24          THE COURT:  March 1st at 12:30.  All right.  Thank

11:26AM  25  you.

11:26AM    1              MR. MURRAY:  Thank you, Your Honor.

11:26AM    2              MR. BAGLEY:  Thank you.

11:26AM    3     (Proceedings ended at 11:26 a.m.)

1          *    *    *    *    *    *    *

2

3          I certify that the foregoing is a

4     correct transcription of the proceedings

5     recorded by me in this matter.

6

7

8

9                    s/ Megan E. Pelka, RPR

10                   Court Reporter,

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25